IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL S. LEVIE, ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-05-1419-HE |
| ) | |
| RON WARD, *et al.*, ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, alleging violations of his federal constitutional rights. This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Defendant Danny Atchley has filed a Motion to Dismiss/Motion for Summary Judgment and Brief in Support [Doc. #20]. Defendants Ron Ward, Debbie Morton, Lenora Jordan and Phillip Brandon have separately filed a Motion to Dismiss/Motion for Summary Judgment and Brief in Support [Doc. #41]. Plaintiff has responded to both motions [Doc. ##47-48]. In addition, the Court has received a Special Report from the Oklahoma Department of Corrections [Doc. # 21]. For the reasons set forth below, it is recommended that Defendants' motions to dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff has failed to comply with the total exhaustion requirement governing claims challenging prison conditions.

I.      **Plaintiff's Claims**

Plaintiff is a prisoner in the custody of the Oklahoma Department of Corrections (ODOC) and is incarcerated at the Oklahoma State Reformatory (OSR). Plaintiff alleges he is a Wiccan and that policies of the ODOC, as enforced by prison officials, have interfered with his ability to practice his religious beliefs.

Plaintiff identifies three counts for relief in his Complaint, all alleging violations of Plaintiff's rights under the First Amendment to the United States Constitution and RLUIPA. In Count 1, Plaintiff claims he is not able to engage in daily ritual practice as a solitary Wiccan for two reasons. First, Plaintiff claims Wiccan practice requires specific oils be used for specific prayers.[1] Because prison officials have limited the types of prayer oils Plaintiff is allowed to use, Plaintiff claims he is being denied the ability to practice these specific (and essential) prayers. Second, Plaintiff claims prison officials have denied him access to the prayer oils. Plaintiff contends that as a solitary Wiccan he needs the oils in his cell and that alternative arrangements for the oils to be used in other areas of the prison are unacceptable. In Count 2, Plaintiff claims he has been denied "religious accouterments" identified as "oils, herbs and incense" in his cell and on his person for religious use. In Count 3, Plaintiff challenges the constitutionality of ODOC OP-030112 on the grounds that it (1) prohibits the personal possession of oils, herbs and incense; (2) prohibits the purchase of "types of oils that

---

[1]In a memorandum to the prison chaplain, Plaintiff explained: "If the oil's scent does not correspond to the need being prayed for, the ritual is rendered ineffective, and therefor [sic] pointless." *See* Special Report, Attachment 6 at 2.

exceed the four 'approved' scents (plus unscented olive oil)"; and (3) contains specifications that restrict Plaintiff's ability to purchase and possess "other religious Wiccan ritual accouterments such as a pentacle, chalice, bell and wand."[2]

As discussed below, Plaintiff has exhausted his claims related to possession, use and access to oils, herbs and incense. Plaintiff has failed to exhaust his claims challenging ODOC OP-030112 with respect to its specifications governing other religious accouterments.

## II. Analysis

### A. Standard of Review

A court may dismiss a cause of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (citation omitted). In

---

[2]Specifically, Plaintiff alleges:

While OP-030112 allows for the purchase (but not possession) of bell, wand, chalice, it gives a size specific and material specific restriction which makes it impossible to find a Wiccan distributor who carries these size items and items made of the specific material required by OP-030112. Nor does the Chaplain at OSR provide a distributor or distributors that do carry these but opines that plaintiff should learn to "make concessions" because he is adherent to a faith that is "younger" (and presumably less legitimate) than the more established faiths. In the five years plaintiff has resided at OSR, he has not been able to find a single distributor who carries the items allowed by the chapel, although there are plenty of available chalices, bells, wands that are in the "approved" vendor from which Plaintiff has made purchase in the past, however they do not meet the absurd size restrictions and material specificity as outlined in OP-030112, as approved and enforced by the defendants.

*See* Complaint at 10-11.

applying this standard, a court must examine the factual record in the light most favorable to the nonmoving party. *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995). Further, a court must hold a *pro se* plaintiff's pleadings to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A broad reading of the plaintiff's complaint, however, does not relieve the plaintiff of the burden of alleging sufficient facts on which a claim may be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. The PLRA Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a mandatory exhaustion requirement exists for inmates challenging prison conditions in federal court.[3] Exhaustion is a pleading requirement and a prisoner's "failure to adequately plead exhaustion amounts to a failure to state a claim upon which relief can be granted." *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1238 (10th Cir. 2005) (*citing Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003)).

In addition, under Tenth Circuit precedent, section 1997e(a) requires total exhaustion of the claims raised in an action brought pursuant to 42 U.S.C. § 1983. *See Ross v. County*

---

[3]Section 1997e(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

*of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004). Thus, if a prisoner's section 1983 action contains both exhausted and unexhausted claims, the action must be dismissed in its entirety without prejudice. *Id*. at 1190. [4]

### C. The ODOC Inmate Grievance Process

The ODOC policy governing Plaintiff's exhaustion requirement is ODOC OP-090124, Inmate/Offender Grievance Process ("Grievance Process").[5] The Grievance Process sets forth several steps for exhausting an administrative remedy. Initially, an inmate must seek informal resolution of a complaint by talking with the case manager, supervising employee, or other appropriate staff. *See* ODOC OP-090124 at ¶ IV(A). If that effort is unsuccessful, an inmate must next complain in writing by submitting a request to staff. *Id*. at ¶ IV(B). If that too proves unsuccessful, the inmate must then initiate the formal complaint resolution process by submitting a grievance. *Id*. at ¶ V(A). If the grievance results in a decision unfavorable to the inmate, he may appeal the decision to the administrative review authority or medical director, whichever is appropriate. *Id*. at ¶ VII(A). The ruling of the administrative review authority is final and concludes the "internal administrative remedy

---

[4]In a recent decision, *Kikumura v. Osagie*, 461 F.3d 1269 (10th Cir. 2006), the Tenth Circuit observed that the United States Supreme Court has granted certiorari in two cases to resolve "differing views among the Courts of Appeals as to whether the PLRA should be read to contain a total exhaustion requirement." *Id*. at 1286 n. 7. The two cases are *Jones v. Bock*, 135 Fed. Appx. 837 (6th Cir. 2005), *cert. granted*, 126 S.Ct. 1462 (U.S. Mar. 6, 2006) (No. 05-7058) and *Williams v. Overton*, 136 Fed. Appx. 859 (6th Cir. 2005), *cert. granted*, 126 S.Ct. 1463 (U.S. Mar. 6, 2006) (No. 05-7142).

[5]Available at http://www.doc.state.ok.us/Offtech/op090124.htm.

available to the inmate/offender within the jurisdiction of the Oklahoma Department of Corrections." *Id*. at ¶ VII(D)(1).

### D. **Plaintiff's Efforts to Exhaust Administrative Remedies**

The record shows that Plaintiff submitted a Request to Staff on November 9, 2004. As part of the Request to Staff, Plaintiff attached a memorandum addressing "[t]he practice of the religion of Wicca." *See* Special Report, Attachment 6 at 1-4. The memorandum discusses the use of specific oils needed for religious practices. The memorandum further discusses "certain tools" used in Wiccan practice and includes an attached list of these items.

With respect to the "tools" or "accouterments" needed for the practice, the memorandum states as follows:

> The [Operating Procedures] provide for the Chalice and Bell only, and restrict even that to a size and material restriction. This needs revision. That standard set forth in the [Operating Procedures] is unreasonable and burdens one to the point of not being able to locate a vendor who does carry such size specific and material specific product (as neither Access nor AzureGreen carry them). In fact, there are very nearly none who do carry such products of exact size and construction. Besides that, to assume that a styrofoam chalice is acceptable for use in a ritual designed to connect one to Nature is absurd and just as equally misses the point, as does assuming that any synthetic material is appropriate for such a ritual. It simply cannot be so. It is in no way a reasonable alternative to the traditional and necessary Wiccan practice. To allow a Wiccan possession of a chalice or bell made of silver is no more a security or safety threat than allowing any other inmate the possession of or access to a hot-pot, horseshoes, or an iron.

*See* Special Report, Attachment 6 at 2-3. Plaintiff places an asterisk next to several of the listed tools designating that these items are "Either allowed by [Operating Procedures] but

not sold by approved or secondary vendor, or not permitted by [Operating Procedures]." *See*

Special Report, Attachment 6 at 4.

Plaintiff received the following response to this Request to Staff from Defendant

Atchley:

> Since our last conversation in the chapel the Interfaith Council has responded to your requests for additional oils (see attached). I have e-mailed the program unit in regards to the bell & chalice issue.

*See* Special Report, Attachment 6 at 1. The referenced Interfaith Council response provides:

> The Interfaith Council has ruled on your request for additional oil. The Wiccan representative on the Interfaith council consulted with the elders of her faith community, they have deemed the five available fragrances are acceptable and no others are needed.

*See* Special Report, Attachment 6 at 5.

Plaintiff followed with a formal grievance, No. 05-005, submitted on December 2, 2004. *See* Special Report, Attachment 6 at 6. In the grievance, Plaintiff requested the reviewing authority to "allow me and all Wiccans the permission to order the request[ed] oils . . . [and] requested accouterments on attached chart." *Id*. The grievance was denied on the basis that "[t]he Wiccan representative on the Interfaith Council consulted with the elders of her community and deemed the five available fragrances are acceptable and no others are needed." *Id*. at 7. The response is limited to Plaintiff's request regarding use of oils and does not address Plaintiff's additional request regarding tools or religious accouterments.

Plaintiff then appealed the grievance denial. *See* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss [Doc. # 29], Attachment 1 at 9. Plaintiff stated in the appeal:

"I know I must be allowed to purchase & possess the previously requested oils in order to effectively practice my Wiccan faith and to effectively pray." *Id*. The Director's Designee, Debbie Morton, affirmed the reviewing authority's response and denied relief. *See* Special Report, Attachment 6 at 8.

On April 4, 2005, Plaintiff filed another Request to Staff stating that "[a]s a Wiccan, my rites are held in private" and further that "I must have my oil and incense on my person in order to pray . . . ." *See* Special Report, Attachment 7 at 1. Plaintiff's Request to Staff was denied. Plaintiff then filed a formal grievance, No. 05-055 on April 7, 2005. *See id*. at 2. Plaintiff requested that he be allowed to possess oils, incense and herbs in his cell for daily worship and prayer. He further requested that the ODOC Operating Procedures be amended to allow for this practice. On April 15, 2005, Plaintiff's grievance was denied. *See id*. at 4. Plaintiff was advised of the applicable policy, OP-030112, Religious Programs, which permits one small bottle/vial to be used during religious services and stored in a designated area and which prohibits storage in "inmate cell or living area." *Id*. Plaintiff was further advised "[t]here will be no exception to department policy and you will not be allowed to retain possession of oils in your cell." *Id*. Plaintiff filed an appeal of the grievance denial and as his requested relief stated: "To be allowed to possess on my person and in my cell my oils, incense, and herbs, as they are an intrinsic part of the Wiccan religion, without which effective prayer is IMPOSSIBLE." *Id*. at 5. Plaintiff's appeal was denied on June 7, 2005. *Id*. at 6.

Plaintiff made one other use of the inmate grievance procedures to address his concerns. On April 7, 2005, Plaintiff filed a Request to Staff and requested "permission to be able to possess oil & incense in my cell as I am a solitary practitioner of Wicca." Plaintiff's request was denied on April 12, 2005. *See* Special Report, Attachment 7 at 7. On April 14, 2005, Plaintiff submitted a formal grievance, No. 058, and requested that OP-030112 be amended "to allow individual possession of oils, herbs, and incense in inmates [sic] private cells, who use them for worship." *Id*. at 10. Plaintiff received a memorandum from the Warden, Lenora Jordan, regarding the processing of this grievance. Plaintiff was advised: "This issue has been responded to. See grievance #05-055 received 4/11/05 and responded to 4/15/05." *Id*. at 12. Plaintiff took no further action regarding this grievance.[6]

Defendants raise identical arguments in their respective motions to dismiss to support their claim that the Complaint is subject to dismissal pursuant to the total exhaustion rule. First, Defendants claim Plaintiff has failed to exhaust his claims related to "his access to prayer oils, herbs and incense." Defendants contend that Plaintiff has access to oils, incense and herbs during bi-monthly meditation group meetings and that "[a]ny inmate wishing to individually come to the chapel to use prayer oils may submit a Request to Staff to the Office of the Chaplain asking for an appointment time to use the items." *See* Motion to Dismiss

---

[6]In making subsequent objections to dismissal on exhaustion grounds, Plaintiff states: "Plaintiff points the court's attention to the fact that the issues in grievance #05-058 are not at issue in the instant case." *See* Plaintiff's Objection to Defendant's Reply [Doc. #49] at 2. The Court agrees with the determination by prison officials that the issues addressed in this grievance are the same issues addressed in Grievance No. 05-055. Therefore, consideration of Grievance No. 05-058 is not outcome determinative.

(Defendant Atchley) [Doc. #20] at 9 and Motion to Dismiss (DOC Defendants) [Doc. #41] at 8. Defendants contend Plaintiff has failed to file such a request and, therefore, his claims are unexhausted. However, Defendants attempt to recast the nature of the claim raised by Plaintiff. The claim raised by Plaintiff is specific and challenges ODOC OP-030112 to the extent that policy prevents him from possessing and using oils in his own cell.[7] Plaintiff has exhausted that claim.

Defendants also argue that Plaintiff "did not file a grievance related to his alleged need to worship in a private manner that would allow him to anoint with oil 'parts of the body not accessible in public worship.'" *See* Motion to Dismiss (Defendant Atchley) [Doc. #20] at 10 and Motion to Dismiss (ODOC Defendants) [Doc. #41] at 9-10. Defendants' argument too narrowly construes Plaintiff's grievance and requires a level of specificity beyond what is mandated by section 1997e(a). A review of the grievance makes clear that Plaintiff sought the right to use oils in his cell, privately and "on his person." *See* Special Report, Attachment 7 at 1-6. In the Complaint, Plaintiff merely elaborates on the basis for why private use of the oils is essential to his religious practices. *See* Complaint at 11 ("Wiccan worship is a very private matter in that it entails ecstatic dance, rhythmic chanting, gesture, burning of incense, anointing with oil on parts of the body not accessible in public worship, and often, altered states of consciousness (the desired end)."). This is not a

---

[7]OP-030112 is entitled "Religious Programs." Attachment A to that policy is headed "Allowable Items – Communal Use/Restricted Access." *See* Special Report, Attachment 4 at 16. With respect to "perfumes/oils/incense," "herbs/spices," "sage" and "sweet grass" the policy provides for use and storage only in a "designated area for worship." *Id*. at 16-17.

different or additional claim. *Compare Whitington v. Ortiz*, ___ F.3d ___, 2007 WL 10766 at *3 (10th Cir. 2007) (for publication) (finding that prisoner's elaboration of ways in which challenged prison policies allegedly violated his Eighth Amendment rights was not a separate claim). Therefore, Defendants' argument is rejected.

Defendants additionally contend Plaintiff has failed to exhaust his claim in Count III regarding denial of "religious accouterments" including the bell, chalice, pentacle and wand. As previously set forth, Plaintiff claims the specifications governing these religious items set forth in OP-030112 are so restrictive as to make it impossible for him to obtain items that comply with the specifications. The Court agrees that Plaintiff has failed to exhaust this claim.

Defendants state: "Plaintiff never filed a grievance related to any religious item other than his request to possess oils, herbs and incense in his cell." *See* Defendant Atchley's Motion [Doc. #20] at 9-10; ODOC Defendants' Motion [Doc. #41] at 9. The record shows that Plaintiff did challenge OP-030112's specifications regarding other religious accouterments in his Request to Staff dated November 9, 2004. As detailed above, the memorandum Plaintiff attached to the Request to Staff directly addresses the issue. However, Defendants are correct that Plaintiff did not properly raise the issue at the later stages of administrative review. In the corresponding grievance, No. 05-005, Plaintiff makes only brief reference to other religious accouterments. In the section of the grievance headed: "The action you believe the reviewing authority may lawfully take," Plaintiff states: "[a]lso requested accouterments on attached chart." Plaintiff's cursory reference does not allege that

11

the specifications listed in ODOC OP-030112 prevent him from obtaining the accouterments nor adequately apprise prison officials of the nature of his claim regarding these accouterments.[8] More significant is the fact that, in the one-page handwritten appeal of the grievance, Plaintiff limits the appeal to issues related to the oils. *See* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss [Doc. #29], Attachment 1 at 9.

Plaintiff has failed to comply with Tenth Circuit precedent which requires a prisoner to complete each stage of the grievance process. *See Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."); *see also Amos v. Weholtz*, No. 06-3258, 2006 WL 3598428 (10th Cir. Dec. 12, 2006) (unpublished op.) (dismissing prisoner's § 1983 complaint for failure to exhaust pursuant to the total exhaustion rule where prisoner raised claim in grievance and included evidence of its initial rejection by a unit team member in the complaint but failed to demonstrate further exhaustion of the claim). The claim about other religious accouterments and OP-030112's restrictive specifications was completely omitted from the appeal of Grievance No. 05-005. The omission of this claim from the final appeal stage of administrative review renders the claim unexhausted. *See Kikumura v. Osagie*, 461 F.3d at

---

[8]In the section of the grievance headed: "The nature of your complaint," Plaintiff only makes reference to his claims regarding the purchase of the oils:

> On 11/9/04 I sent a request to staff to Danny Atchley regarding the purchase of oils not approved by the prison for purchase. . . .

*See* Special Report, Attachment 6 at 6.

1282 ("There is no doubt that '[a] litigant's failure to raise issues during an administrative appeal can constitute a failure to exhaust administrative remedies.'") (*quoting Kikumura v. Hurley*, 242 F.3d 950, 956 (10th Cir.2001)). A review of the administrative record reveals no other grievance addressed this claim.

The purpose of the exhaustion requirement is to apprise prison officials of the claims raised so that prison officials may attempt to address complaints internally and thereby eliminate unwarranted federal-court interference with the administration of prisons. *See Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2387 (2006). To accomplish this end, prison officials must be given a fair opportunity to consider the grievance. *Id*. *See also Kikumura*, 461 F.3d at 1283 (to satisfy the exhaustion requirement a grievance must not be so vague as to preclude prison officials from taking appropriate measures to resolve the complaint internally). Here, Plaintiff did not provide prison officials at the later stages of administrative review a fair opportunity to consider his claim regarding the other religious accouterments and the alleged restrictive specifications set forth in OP-030112 as related to those accouterments. Prison officials did not address the claim on the merits and, therefore, the claim is unexhausted.

For these reasons, Plaintiff's claim raised in Count III of the Complaint challenging OP-030112's specifications governing other religious accouterments (to include a bell, chalice and wand) is unexhausted. Because the Complaint contains an unexhausted claim, dismissal of the entire Complaint is required under the total exhaustion rule. It is recommended that Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be

granted on the ground that Plaintiff has not satisfied the exhaustion requirement of 42 U.S.C. § 1997e(a) as to all claims raised in the Complaint.[9] Dismissal on this basis makes it unnecessary for the Court to consider the alternative motions for summary judgment filed by Defendants.

## **RECOMMENDATION**

It is recommended that Defendants' Motions to Dismiss [Doc. ##20 and 41] be granted pursuant to Fed. R. Civ. P. 12(b)(6) and that the Complaint be dismissed without prejudice to refiling on the ground that Plaintiff has not satisfied the exhaustion requirement of 42 U.S.C. § 1997e(a) as to all claims raised in the Complaint.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by February __6th__, 2007. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[9] To avoid dismissal of a complaint pursuant to the total exhaustion rule, a prisoner may choose to seek permission to amend his complaint and omit the unexhausted claims. *See, e.g., Dawson v. Taylor*, 128 Fed. Appx. 677, 679 (10th Cir. 2005) (unpublished op.) (district court may permit plaintiff who has filed mixed complaint to voluntarily dismiss unexhausted claims and proceed with exhausted claims); *West v. Kolar*, 108 Fed. Appx. 568, 570 (10th Cir. 2004) (unpublished op.) (same). In responding to Defendants' motions to dismiss the Complaint on exhaustion grounds, Plaintiff has not raised any issue indicating a desire to amend his Complaint to omit unexhausted claims.

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this   17th   day of January, 2007.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE